UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GCIU-EMPLOYER RETIREMENT            Case No. 1:08-cv-416
FUND,

    Plaintiff,                                        Dlott, J.
                                                            Black, M.J.
vs.

S. ROSENTHAL & CO.,

    Defendant.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 7) BE GRANTED AND THIS CASE BE CLOSED

Plaintiff, GCIU-Employer Retirement Fund, filed the instant action on June 19, 2008, against defendant S. Rosenthal & Co., pursuant to the Employee Income Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Plaintiff is seeking to recover compensation for withdrawal liability attributable to defendant S. Rosenthal & Co. This civil action is now before the Court upon plaintiff's motion for default judgment. (Doc. 7.) The motion is unopposed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, GCIU-Employer Retirement Fund ("GCIU Retirement Fund"), is an employee benefit plan as defined in 29 U.S.C. §1102(3). (Doc. 1.) GCIU Retirement Fund is an employee benefit plan designated in the Collective Bargaining Agreement entered into by and between the Graphic Communications International Union, Local 508

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

OKI, AFL-LIO, ("Union") and S. Rosenthal Company (Litho Unit) for the period February 1, 2000 to March 31, 2006. (Doc. 1, Ex. A.)

Defendant, S. Rosenthal & Co., is an Ohio corporation and is or was engaged in the commercial printing business within the Southern District of Ohio, Western Division. Defendant is or was the employer of employees represented by Union in the area. The Union is a labor organization representing employees in an industry affecting commerce.

Defendant agreed to be bound by the terms of the Collective Bargaining Agreement entered into at Toledo, Ohio, by and between the Employing Printers of Graphic Communications International Union, Local 508 OKI, AFL-LIO, and S. Rosenthal Company (Litho Unit) for the period February 1, 2000 to March 31, 2006 ("Collective Bargaining Agreement"). (*See* Doc. 1, Ex. A.)

Under the terms of the Agreement, S. Rosenthal & Co. also agreed to be bound by the Agreements and Declarations of Trust establishing the employee benefit plans enumerated in the Collective Bargaining Agreement and the rules, regulations, resolutions and amendments thereto promulgated by the Trustees of those Plans ("Governing Documents"). (*See* Doc. 1, Ex. B.)

On October 2, 2006, S. Rosenthal & Co. informed the GCIU Retirement Fund that, as of September 1, 2006, S. Rosenthal & Co. had closed the doors of its business and was in the process of "winding up" the corporation. On April 30, 2007, the GCIU Retirement Fund provided S. Rosenthal & Co. with a Notice of Complete Withdrawal Liability and Demand for Payment pursuant to ERISA §4219, 29 U.S.C. §1399.

In accordance with ERISA and the GCIU Retirement Fund's Withdrawal Liability Procedures, the GCIU Retirement Fund's actuaries determined that the withdrawal liability attributable to S. Rosenthal & Co. was $40,826.00. The April 30, 2007 Notice of 2006 Withdrawal Liability Letter also included a detailed calculation as to how the liability determination was made. (*Id*. at Ex C.) The April 30, 2007 Notice of 2006 Withdrawal Liability Letter from the GCIU Retirement Fund also provided S. Rosenthal & Co. with a payment schedule for the withdrawal liability in accordance with the requirements of ERISA §4219(c), 29 U.S.C. §1399(c).[2] *Id*.

Defendant failed to ask the administrator of the GCIU Retirement Fund to review any specific matter, failed to identify any inaccuracy in the determination of amount, and failed to provide any relevant information following the April 30, 2007 Notice of 2006 Withdrawal Liability Letter. In March, 2008, the GCIU Retirement Fund provided via Certified Mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure to Defendant which was delivered by certified mail on March 31, 2008. This Letter was a notice of failure to pay the withdrawal liability and a demand for cure in accordance with ERISA § 4219(c)(5), 29 U.S.C. §1399(c)(5). The Letter expressly warned Defendant that

---

[2] Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), provides:

No later than 90 days after the employer receives the notice described in paragraph (1), the employer—(i) many ask the plan sponsor to review any specific matter relating to the determination of the employers' liability and the schedule of payments, (ii) may identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the employer, and (iii) may furnish any additional relevant information to the plan sponsor.

"if payment in accordance with the schedule is not made in full within 60 days of your receipt of this letter, S. Rosenthal & Co. will be in default of its withdrawal liability assessment." (Doc. 1, Ex. D).

Thereafter, on June 19, 2008, Plaintiff initiated the instant action by filing a complaint against Defendant S. Rosenthal & Co. (Doc. 1.) On July 1, 2008, a return of service, executed on Defendant's statutory agent on June 28, 2008, was filed with the Court. (Doc. 6). Defendant, however, failed to file an answer or motion in response to Plaintiff's complaint.

As a result, on August 8, 2008, Plaintiff's counsel filed a motion for default judgment (Doc. 7), and, on August 11, 2008, filed an application for entry of default. (Doc. 9). Thereafter, the Clerk entered default on September 4, 2008. (Doc. 10.)

In the instant motion for default judgment, Plaintiff is seeking to recover judgment in the amount of $40,826.00 against defendant S. Rosenthal & Co., plus interest, as well as reasonable attorneys fees and costs in the amount of $2,565.50. (*See* Doc. 7, Exs. 2, 3 Affidavit of Robert Koenig in support of default judgement and attorney fees.)

## II. STANDARD OF REVIEW

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

> (b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.,* 705 F.2d at 844. Additionally, under Fed. R. Civ. P. 55(c), a court may set aside a default judgment in accordance with Fed. R. Civ. P. 60(b). *Id.*

## III. ANALYSIS

Upon review of the record, the undersigned finds and recommends that default judgment is warranted. Defendant S. Rosenthal & Co. was properly served (*see* Docs. 3, 6) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and has failed to plead or otherwise defend. Defendant S. Rosenthal & Co.'s failure to respond to Plaintiff's application for entry of default (Doc. 9) and motion for default judgment (Doc. 7), as well as his failure to respond to Plaintiff's complaint, has made it abundantly clear that Defendant has no intention of defending this action. Thus, default judgment is warranted.

Here, all conditions to be performed by Plaintiff have been performed, and Defendant, as shown above, has failed, neglected and refused to pay the withdrawal liability or cure the failure to pay in accordance with the payment schedule. Defendant has defaulted on its obligations under the Collective Bargaining Agreement and ERISA by its failure to pay the withdrawal liability or cure the failure to pay in accordance with the payment schedule. Defendant is in default and has failed to cure its default during the 60 day period after notice was provided in violation of ERISA § 4219, 29 U.S.C. §1399.

Accordingly, it is therefore **RECOMMENDED** that Plaintiff's motion for default judgment (Doc. 7) should be **GRANTED**, and default judgment should be entered in

Plaintiff's favor and against Defendant S. Rosenthal & Co. as follows:

Plaintiff is entitled to entry of judgment in favor of Plaintiff and against Defendant S. Rosenthal & Co., as mandated by Section 502 (g) of ERISA, 29 U.S.C. § 1132(g), in the amount of $40,826.00, for withdrawal liability, plus:

    a.    Interest at the prevailing market rate pursuant to 29 U.S.C. § 1399(c)(6) of 12% percent per annum on the total amount of the unpaid withdrawal liability due and owing from January 1, 2007 until paid; and

    b.    Plaintiff's reasonable attorney fees and costs of the action in the amount of $2,565.50.


Date: December 15, 2008                                  s/Timothy S. Black
                                                                              Timothy S. Black
                                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GCIU-EMPLOYER RETIREMENT FUND,

    Plaintiff,

vs.

S. ROSENTHAL & CO.,

    Defendant.

Case No. 1:08-cv-416

Dlott, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).